1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Travelers Property Casualty Company of)    No. CV 11-8151-PHX-JAT
     America, a Connecticut corporation,      )
10                                             )    **ORDER**
                    Plaintiff,                 )
11                                             )
     vs.                                       )
12                                             )
                                               )
13   Zurich American Insurance Company, a)
     New York Corporation; National Union)
14   Fire Insurance Company of Pittsburgh,)
     PA, a Pennsylvania corporation; Farm)
15   Bureau Property & Casualty Insurance)
     Company, an Iowa corporation aka Farm)
16   Bureau Mutual Insurance Company;)
     Mortimer Inc. dba Mortimer Nursery &)
17   Landscaping Center and/or Mortimer's)
     Custom Landscaping, an Arizona)
18   corporation,                             )
                                               )
19                  Defendants.                )
                                               )
20

21          Pending before the Court is the Motion to Dismiss Defendant Farm Bureau Property

22   & Casualty Insurance and Defendant Mortimer, Inc. for lack of subject matter jurisdiction

23   (Doc. 10). The Court now rules on this Motion.

24          **I.      Factual Background**

25          In 2007, Plaintiff Travelers Property Casualty Company of America ("Travelers" or

26   "Plaintiff") issued an insurance policy to Ames Construction, Inc. ("Ames"). In October

27   2009, Lowe's HIC, Inc. ("Lowe's") filed a complaint against EMJ Corporation ("EMJ"),

28   among others, asserting various claims arising from allegedly negligent construction work

1    on the "MSE Wall" at the Lowe's Prescott store.  At some point during that litigation,

2    Travelers agreed to defend EMJ against allegations of property damages arising out of the

3    work that its insured, Ames, performed for or on behalf of EMJ at the Lowe's Prescott store.

4    Plaintiff alleges that it has no duty to indemnify EMJ for acts of independent negligence.

5         In September 2011, Plaintiff instituted the instant action against various other

6    insurance companies, who Plaintiff contends have a duty to indemnify or insure EMJ for

7    EMJ's or other entities' actions (with the exception of Ames) relating to the construction at

8    the Lowe's Prescott store.  Plaintiff alleges that it has paid more than its equitable share in

9    the defense of EMJ arising from the claims relating to the construction work at the Lowe's

10   Prescott store.  In this action, Plaintiff seeks a judicial determination of its rights and duties

11   under its policies, and allocation and reimbursement from the Defendant insurance

12   companies.  Plaintiff alternatively alleges that it has the right to selection of counsel of its

13   choice in defending EMJ in the underlying action.

14        Defendants Farm Bureau Property and Casualty Insurance Company and Mortimer,

15   Inc. now move to dismiss this action.  These Defendants argue that this Court's sole

16   jurisdiction arises from the diversity of the parties and Plaintiff has failed to adequately

17   allege the $75,000 amount in controversy to confer subject matter jurisdiction upon the

18   Court.

19        **II.    Legal Standard**

20        Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all

21   civil actions where the matter in controversy exceeds the sum or value of $75,000,

22   exclusive of interests and costs, and is between . . . citizens of different States[.]"

23   28 U.S.C. § 1332(a)(1). "Where the plaintiff originally files in federal court, 'the amount in

24   controversy is determined from the face of the pleadings.'" *Geographic Expeditions, Inc. v.*

25   *Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Crum v. Circus Circus*

26   *Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)). "The amount in controversy alleged by the

27   proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls

28   so long as the claim is made in good faith." *Id.* (citing *Crum*, 231 F.3d at 1131).

1        "To justify dismissal, it must appear to a legal certainty that the claim is really for less

2   than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S.

3   283, 290 (1938) (quoting *Crum*, 231 F.3d at 1131). Under this "legal certainty" standard, the

4   "federal court has subject matter jurisdiction unless 'upon the face of the complaint, it is

5   obvious that the suit cannot involve the necessary amount.'" *Id.* (quoting *St. Paul Mercury*

6   *Indemnity Co.*, 303 U.S. at 292 (1938)).

7        Furthermore, for purposes of determining the amount in controversy in a claim

8   exclusively for declaratory judgment, the Court considers the value of the object of the

9   litigation. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (internal citation

10  omitted). Additionally, courts have recognized that losses that are expected in the future may

11  preclude a court from concluding, to a legal certainty, that the amount in controversy will not

12  be met. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 348 (1977)

13  (superseded on other grounds as recognized by *United Food & Commer. Workers Union*

14  *Local 751 v. Brown Group*, 517 U.S. 544 (1996)).

15       **III.    Analysis**

16       Defendants argue that the amount in controversy is not at or above the $75,000

17  threshold because Plaintiff alleges that the current total bill for EMJ's defense is just over

18  $100,000 and Zurich unilaterally allocated 50% of that amount to Travelers. (Doc. 10 at 3).

19  Therefore, Defendants contend, Plaintiff is only currently liable for $50,000, which is clearly

20  below the amount in controversy threshold. (Doc. 10 at 3).Defendants further argue that

21  because Plaintiff seeks to pay less than half of the current and future legal fees "the amount

22  in controversy in this action cannot be EMJ's total current fees." (Doc. 20 at 2). Lastly,

23  Defendants argue that Plaintiff may re-file its complaint at some point in the future once

24  Plaintiff has already paid at least $75,000 in fees. *Id.* at 3.

25       Defendants' arguments are without merit. Although Plaintiff argues that it should not

26  be required to pay more than the excess of $50,000 that it claims it has already paid for

27  EMJ's defense, it is possible, if Plaintiff is unsuccessful in this action, that it could be

28  required to pay far more for the defense of EMJ. Because Plaintiff may be held liable for

1   more than $75,000 should it lose its suit, the object of the case (Plaintiff's portion of the cost

2   of EMJ's defense in the underlying suit) satisfies the amount in controversy. *Cohn*, 281 F.3d

3   at 840. Furthermore, as mentioned above, expected future losses can satisfy the amount in

4   controversy requirement. *Hunt*, 432 U.S. at 348. In the current case, there is no showing of

5   bad faith, Plaintiff directly filed this complaint in federal court, and Plaintiff expressly alleges

6   that the amount in controversy "exceeds $100,000." (Doc. 1 at 3; Doc. 22 at 3). Thus,

7   Plaintiff's complaint suffices to establish jurisdiction because, on its face, it alleges, in good

8   faith, an amount in controversy over $75,000 and Defendants do not argue that this is legally

9   certain to be false. *See Geographic Expeditions, Inc.*, 599 F.3d at 1107 (finding that "good

10  faith allegations in [Appellant's] petition as to the amount in controversy suffice to establish

11  the jurisdictional amount unless it appears legally certain that the amount in dispute is

12  $75,000 or less").

13      **IV.    Conclusion**

14      Because Plaintiff alleges that the amount in controversy will exceed $100,000 and,

15  because it is not legally certain that Plaintiff's recovery will be below that amount, Plaintiff

16  has sufficiently alleged the amount in controversy to establish subject matter jurisdiction

17  pursuant to 28 U.S.C. § 1332.

18      Based on the foregoing,

19      **IT IS ORDERED** that Defendants' Joint Motion to Dismiss (Doc. 10) is denied.

20      DATED this 25th day of July, 2012.

21

22

23      James A. Teilborg
        United States District Judge

24

25

26

27

28